UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ATLANTIC UTILITY TRAILER     :
SALES INC.,                              Hon. Joseph H. Rodriguez
                                       :
            Plaintiff,                     Civil Action No. 20-02349
                                       :
      v.                                   MEMORANDUM OPINION
                                       :
HARCO NAT'L INS. CO., IAT
INS. CO., et al.,                      :

            Defendants.                :

                                       :

     This matter is before the Court on Plaintiff's Motion to Remand.  The Court has reviewed the submissions of the parties and decides this matter pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, Plaintiff's motion is <u>denied</u>.

<u>Background</u>

     Atlantic Utility Trailer Sales Inc. ("Atlantic") filed the Complaint in the Superior Court of New Jersey, Law Division, Gloucester County, on February 6, 2020, against Harco National Insurance Company ("Harco") and IAT Insurance Company ("IAT") asserting breach of contract and good faith and fair dealing claims.  Compl. at 2. Plaintiff seeks compensatory damages, punitive damages, interest, costs of suit, and attorney's fees, but within the complaint does not indicate the exact amount of compensatory damages sought.  <u>Id.</u>  On March 4, 2020, the case was removed to this Court on the basis of diversity of citizenship jurisdiction. On March 23, 2020, Plaintiff stipulated the compensatory damages to $62,607.37 and then moved for remand alleging diversity of citizenship (both state of incorporation and principal place of business) and the amount in controversy are lacking.  Defendants maintain Harco is

1

incorporated in Illinois with a principal place of business in North Carolina, and IAT is incorporated in North Carolina with a principal place of business in North Carolina. Certification of Counsel in Support of Opposition to Motion to Remand at Exhibit B. Defendants also maintain the amount in controversy is greater than $75,000. <u>Id.</u> at Exhibit A.

Standard of Review

The statute governing jurisdiction in this matter is 28 U.S.C. § 1332, which gives federal district courts original jurisdiction of all civil actions "between ... citizens of different States where the amount in controversy exceeds $75,000." <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 89 (2005). For diversity jurisdiction to lay, "no plaintiff [may] be a citizen of the same state as any defendant." <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 419 (3d Cir. 2010).

Removal statutes should be "strictly construed against removal, and all doubts should be resolved in favor of remand." <u>In re Briscoe</u>, 448 F.3d 201, 217 (3d Cir. 2006). The party who "urges jurisdiction on a federal court" — in the case of removal, the removing defendant — "bears the burden of proving that jurisdiction exists." <u>Boyer v. Snap-on Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990)).

Under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." "When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 574 U.S. 81, 88 (2014). Evidence establishing the amount is only required by 28 U.S.C. § 1446(c)(2)(B) when the plaintiff contests, or the court

questions, the defendant's allegation.  Id.  If the plaintiff contests the defendant's allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  Id.

A plaintiff may limit the value of its claim to prevent its case from being removed from its choice of forum.  See Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007) (explaining that it is "well-established" that the plaintiff is the master of her own claim and may limit her claims to avoid federal subject matter jurisdiction). However, "[a] plaintiff's amendment of his or her complaint after removal will not destroy federal jurisdiction if the complaint initially satisfied the monetary floor." Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993).  The determination of the amount in controversy is based on the complaint at the time the petition for removal was filed. Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002).  As a result, a plaintiff's stipulation offered after removal, even where it demonstrates that the amount in controversy does not exceed the jurisdictional minimum, is "of no legal significance to the court's determination;" the damages as plead in the complaint govern.  Id.

When a complaint fails to demand a specific amount of damages, the court must perform its own "independent appraisal of the value of the claim."  Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir .1993) (citing Corwin Jeep Sales & Serv., Inc. v. Am. Motor Sales Corp., 670 F. Supp 591, 596 (M.D.Pa.1986)).  To affirmatively establish the jurisdictional limit has been met, it is sufficient where "there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." Corwin, 670 F. Supp at 595.  The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus, 989 F.2d at 146.  When determining the amount in controversy,

punitive damages and attorney's fees are part of the amount in controversy calculation. <u>Frederico</u>, 507 F.3d at 198-99.

Discussion

## I.      The amount in controversy could be in excess of $75,000.

For jurisdictional purposes, when Atlantic filed the complaint on February 6, 2020, in the Superior Court of New Jersey, Gloucester County, the compensatory damages sought were, when clarified through stipulation, $62,607.37.  Plaintiff outlines the compensatory damages sought in Plaintiff's stipulation and provides as exhibits in Certification of Counsel in Support of Motion to Remand to further support this compensatory damage amount.  At this stage, the calculations seem reasonable.[1] The Complaint also seeks punitive damages, interest, costs of suit, and attorney's fees. Compl.at 2.  The complaint does not indicate that Plaintiff seeks to limit these other damages to make the total amount in controversy $75,000 or less, and any stipulation to do so is "of no legal significance." <u>Werwinski</u>, 286 F.3d 661, 666 (3d Cir. 2002).

Under New Jersey law, punitive damages are capped at "five times the liability of that defendant for compensatory damages or $350,000, whichever is greater."  N.J. Stat. Ann. § 2A:15–5.14 (2014).  For purposes of the amount in controversy calculation, courts assume this maximum "five times" multiplier. <u>Frederico</u>, 507 F.3d at 199. Here, punitive damages are capped at $350,000 because five times the compensatory damages of $62,607.37 equals $313,036.85.

---

[1] The total loss (minus the $1,000 deductible) was originally $239,765.03. Certification of Counsel in Support of Motion to Remand at Exhibit E-G. On January 14, 2020, in an email between counsel, the total claim was then reduced to $162,607.37 after receiving monies from Chase Bank. <u>Id.</u> at Exhibit E. Then, on January 28, 2020, Defendants paid Plaintiff the sum of $100,000. <u>Id.</u> at Exhibit F. Thus, it is reasonable that the compensatory damages equal $62,607.37.

For jurisdictional purposes, it appears that $62,607.37 is a fair assessment of compensatory damages sought. Under <u>Frederico</u> and New Jersey's punitive damages statute, the Court considers that Plaintiff's punitive damages could rise as high as five times its compensatory damages; a jury could return punitive damages of as much as $350,000. 507 F.3d at 198–99; N.J. Stat. Ann. § 2A:15–5.14. At this stage, the potential combined amount of punitive and compensatory damages satisfies the jurisdictional requirements regarding the amount in controversy.

The amount in controversy requirement is satisfied for purposes of removal. 28 U.S.C. § 1332(a).

## II.    The parties are diverse.

A corporation is normally considered a citizen of the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). It is undisputed that Plaintiff is a citizen of New Jersey. Compl. at 1. Plaintiff alleges that Harco and IAT are not incorporated in Illinois or North Carolina, respectively. Plaintiff provides search queries of "Harco National Insurance," "Harco," "Harco National Insurance Company," and "AIT [sic]" that return no results or limited results in the appropriate databases of Illinois and North Carolina as evidence of a lack of incorporation and of a principal place of business. Certification of Counsel in Support of Motion to Remand at Exhibits A-D.

Defendants maintain that both Harco and IAT are citizens of Illinois and North Carolina, respectively. Certification of Counsel in Support of Opposition to Motion to Remand at Exhibit B. Defendants submit evidence to support the claim that Plaintiff's searches are flawed because both Harco and IAT were improperly entered into the search engines by Plaintiff. Certification of Counsel in Support of Opposition to Motion

to Remand at Exhibit B. Specifically, Certification of Counsel in Support of Motion to Remand Exhibits A, C, D all do not match the names given in Certification of Counsel in Support of Opposition to Motion to Remand at Exhibit B — Mr. Pirrung's certified statement.[2] Defendants demonstrate that Plaintiff keyed in the names of corporate entities incorrectly as Mr. Pirrung's statement indicates that Plaintiff should have searched "IAT" rather than "AIT" and "Harco Insurance Services, Inc" rather than "Harco National Insurance" or "Harco National." Certification of Counsel in Support of Motion to Remand at Exhibits A-D, 2.

Plaintiff attempts to counter this assertion in reply; however, Plaintiff attaches as an exhibit a search query for "Harco National," which Defendant's Opposition demonstrated this an incorrect search.  Certification of Counsel in Support of Motion to Remand at Exhibit 2.

Defendants attach as exhibits several documents that can be used in good faith to determine that both Harco and IAT are indeed incorporated in each respective state of Illinois and North Carolina at this stage.  Defendant provides exhibits including a sworn statement by Mr. Pirrung, a North Carolina business database search, and an Illinois Department of Insurance search result; these statements and documents are sufficient for this court to, by the preponderance of the evidence, find that Harco and IAT are

---

[2] Plaintiff appears to be correct that neither Harco nor IAT have submitted as exhibits documents that are articles of incorporation or official Certificates of Good Standing. Despite this, there is sufficient evidence to indicate that "AIT" should have been keyed as "IAT" when Plaintiff searched the North Carolina database. Certification of Counsel in Support of Opposition to Motion to Remand at Exhibit B. Mr. Pirrung's certified statement clearly states the correct spelling of IAT. Id. Defendants claim Harco's incorporated name is "Harco Insurance Services, Inc.," a name that appears in Plaintiff's own search results of the Illinois database. Certification of Counsel in Support of Motion to Remand at Exhibit B.

indeed incorporated in each respective jurisdiction.  Certification of Counsel in Support of Opposition to Motion to Remand at Exhibit B-F.

The diversity requirement is satisfied for purposes of removal. 28 U.S.C. § 1332(c)(1); 28 U.S.C. § 1446(c)(2)(B).

<u>Conclusion</u>

Because the parties are diverse and a reasonable jury could award damages in excess of $75,000, the Court has diversity jurisdiction over this case. As a result, the Motion to Remand will be denied.

An appropriate Order shall issue.

Date: June 17, 2020

_s/ Joseph H. Rodriguez_____
HON. JOSEPH H. RODRIGUEZ
UNITED STATES DISTRICT JUDGE